1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW J. NALBANDIAN, JR., an individual; GREGORY M. NALBANDIAN, an individual; and THE ESTATE OF ANDREW J. NALBANDIAN, SR., deceased,<br><br>        Plaintiffs,<br><br>   vs.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland corporation, as administrator and fiduciary of the Lockheed Martin Corporation Salaried Employee Retirement Program; LOCKHEED MARTIN CORPORATION SALARIED EMPLOYEE RETIREMENT PROGRAM, an Employee Pension Plan within the meaning of 29 U.S.C. §§ 1002(2)(a) and 1002(35); and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 10-CV-1242-LHK<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS CLAIMS TWO THROUGH FIVE OF PLAINTIFFS' COMPLAINT<br><br>(re: docket #8) |

Plaintiffs[1] Andrew Nalbandian, Jr. and Gregory Nalbandian seek payment of pension plan benefits in relation to the denial of a retirement benefits package to their now-deceased father, Andrew Nalbandian, Sr. Plaintiffs assert five claims for relief: 1) recovery of plan benefits; 2) breach of fiduciary duty; 3) equitable estoppel; 4) failure to provide proper summary plan

---

[1] Plaintiffs voluntarily dismissed the Estate of Andrew Nalbandian, Sr. on June 18, 2010. [dkt. #14]

Case No.: 10-CV-1242-LHK
ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

description; and 5) failure to produce required documents.  Defendants Lockheed Martin Corporation ("Lockheed") and Lockheed Martin Corporation Salaried Employment Retirement Program ("Plan") assert that denial of pension benefits is proper because Nalbandian, Sr. died before the commencement date of his pension plan.  Pending before the Court is Defendants' motion to dismiss claims two through five of Plaintiffs' complaint.  For the reasons explained below, Defendants' motion to dismiss Gregory Nalbandian for lack of standing is DENIED. Defendants' motion to dismiss Plaintiffs' fourth claim is GRANTED WITH PREJUDICE. Defendants' motion to dismiss claims two, three, and five is GRANTED WITHOUT PREJUDICE.

## I.  BACKGROUND

Andrew Nalbandian, Sr. worked at Lockheed Martin Corporation ("Lockheed") for more than 40 years.  He retired on February 9, 2009, and died on February 22, 2009 -- Nalbandian, Sr.'s pensions benefits were set to be distributed six days later starting March 1, 2009.   Plaintiffs are Nalbandian, Sr.'s two sons: Andrew Nalbandian, Jr. and Gregory Nalbandian.  Plaintiffs allege they are beneficiaries of Nalbandian, Sr.'s pension plan and are each owed about $3,700 a month from April 1, 2009 to February 28, 2014.  Compl. ¶¶ 1-2, 27-28.  Plaintiffs allege that their father was eligible to retire since at least 2002, but that representatives of Defendants talked him in to remaining as a valued employee.  Plaintiffs also allege that their father was diagnosed with chronic lymphotic leukemia in 2002.

Nalbandian, Sr. informed Defendants of his intent to retire on January 22, 2009. Defendants, on January 29, 2009, sent Nalbandian, Sr. a benefits package on January 29, 2009, which included a pension benefits election form.  On February 9, 2009, Nalbandian, Sr. signed his pension benefit election form, selecting a "Life with 5-year Guarantee pension."  Compl. ¶ 21. Under this option, Plaintiffs' beneficiaries, his sons Andrew, Jr. and Gregory would each receive a

Case No.: 10-CV-1242-LHK
ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

monthly pension of $3,728.19 from April 1, 2009 through February 28, 2014.  Nalbandian, Sr. died on February 22, 2009.

On March 11, 2009, Defendants sent Plaintiffs Andrew, Jr. and Gregory Nalbandian a "Benefit Summary" detailing the pension benefits payable to them as beneficiaries of their father's plan.  These summaries explained that Andrew, Jr. and Gregory would each receive the $3,728.10 monthly pension through February 2014.  However, on April 7, 2009, Defendants sent Plaintiffs an "Updated Benefits Summary," indicating that, in fact, no pension benefits were owed, and that instead, Plaintiffs would equally split a $50,000 life insurance benefit.  In an April 20, 2009 letter from Defendants to Plaintiffs, Defendants indicated that Nalbandian, Sr. was not considered "retired" under the pension plan because he passed away prior to the Benefit Commencement Date of March 1, 2009.  *See* Exh. 6 to Compl.  According to that same April 20, 2009 letter, only a surviving spouse could receive survivor benefits.  And, because Nalbandian, Sr. was not survived by a spouse at the time of his death, no pension benefits would be paid.

Plaintiffs allege they timely appealed this decision to deny benefits on June 19, 2009. Compl. ¶ 36.  On October 16, 2009, Defendants denied Plaintiffs' appeal.  Plaintiffs filed suit on March 24, 2010.

## II. LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  To withstand a motion to dismiss, a plaintiff must "plead enough facts to state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). All allegations of material fact shall be taken as true and interpreted in a manner most favorable to the non-moving party. *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008).

### III. DISCUSSION

Defendants move to dismiss claims two through five of Plaintiffs' complaint.  The Court begins with analysis of Plaintiff Gregory Nalbandian's standing.  The Court's merits analysis begins with Plaintiff's first claim (recovery of plan benefits) as that claim, though not challenged by Defendants at this stage, sheds light on the remaining four claims.

#### A.  *Defendants Challenge to Gregory Nalbandian's Standing*

Defendants argue that Gregory Nalbandian lacks standing because he has failed to exhaust his administrative remedies under the Plan prior to filing this action.  Although ERISA itself does not include an administrative exhaustion requirement, federal courts have generally required exhaustion of administrative remedies, i.e., remedies specified within the employee benefits plan, prior to initiating litigation.  *See Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008).  There is, however, an exception to the exhaustion requirement if the applicant can show that pursuit of administrative remedies would be futile.  Administrative remedies are deemed futile if the applicant can show the outcome is predetermined.  *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1486 (9th Cir. 1995).

In this case, Defendants are correct that Gregory Nalbandian did not exhaust his remedies within the appeal procedures identified in the Plan.  However, the Court agrees with Plaintiffs that exhaustion would be futile.  Gregory Nalbandian's interests are exactly parallel to those of his brother Andrew Nalbandian, Jr.  As co-beneficiaries, both would be entitled to the same monthly payment extending over five years, assuming the Court found that Plaintiffs were entitled to recover plan benefits.  Defendants have denied plan benefits to Andrew Nalbandian, Jr., and there is every reason to believe that Defendants would do the same to Gregory if he were required to go through the Plan's appeal procedures.  Thus, the Court finds that Gregory Nalbandian has standing to sue as a plaintiff and co-beneficiary in this action.

4

**B.   First Claim: Recovery of Plan Benefits, ERISA, 29 U.S.C. § 1132(a)(1)(B)**

29 U.S.C. § 1132(a)(1)(B) provides:

> (a) Persons empowered to bring a civil action. A civil action may be brought--
>
> (1) by a participant or beneficiary--
>
> * * *
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Plaintiffs seek payment of benefits and prejudgment interest under this first claim.  Specifically, Plaintiffs allege they are beneficiaries of Nalbandian, Sr.'s pension plan and are each owed about $3,700 a month from April 1, 2009 to February 28, 2014.  Defendants do not contest that Plaintiffs have stated a claim for relief for this first claim.

**C.   Second Claim: Breach of Fiduciary Duty, ERISA, § 1132(a)(3)**

Plaintiff's second claim is under 28 U.S.C. §1132(a)(3), which provides:

> (a)  Persons empowered to bring a civil action. A civil action may be brought--
>
> ***
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

The U.S. Supreme Court has characterized §1132(a)(3) as a "catchall provision" and as a "safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere provide adequate remedy."  *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

Plaintiffs' Complaint alleges that Defendants breached their fiduciary duty by failing to pay Plan benefits to the beneficiaries, acting in bad faith by relying on a standard not required in the Plan (i.e., Plan participant Nalbandian, Sr. was not considered "retired" because he died before his benefit start date), and providing the decedent with materially misleading information leading Nalbandian, Sr. to continue employment despite serious illness.  Compl. ¶¶ 52-56.  Pursuant to this

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

claim, Plaintiff's request an order enjoining Defendants from further violations of their fiduciary duty and for all benefits due under the Plan, together with prejudgment interest.  Prayer for Relief ¶ 2.  Defendants argue: 1) Plaintiff's first claim (29 U.S.C. §1132(a)(1)(B)), if successful, would provide an adequate remedy making this second claim an inappropriate attempt to "repackage" their benefits claim; and 2) monetary relief, i.e., payment of plan benefits, is not available under 29 U.S.C. §1132(a)(3) which speaks in terms of "equitable relief."

To the extent Plaintiffs seek monetary relief, which they cannot do under this second claim, they have not stated a claim for which relief can be granted.  *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 257-58 (1993) (Section 1132(a)(3) does not permit suit for monetary damages).  Plaintiffs also seek equitable relief in the form of an order enjoining Defendants from further violations of their fiduciary duty.  Plaintiffs are correct that equitable relief under Section 1132(a)(3) is not foreclosed solely because they have pleaded a claim under Section 1132(a)(1)(B).  *See Ehrman v. Std. Ins. Co.*, 2007 U.S. Dist. LEXIS 35124 (N.D. Cal. May 2, 2007) (refusing to dismiss Section 1132(a)(3) when relief under that claim would have been distinct from relief under Section 1132(a)(1)(B) claim).  However, Plaintiffs have not shown why relief on their first claim (recovery of plan benefits) is not an adequate remedy.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  Moreover, to find a breach of fiduciary duty based on a denial of individual benefits, a plaintiff must allege that the denial is part of a "larger systematic breach of fiduciary obligations."  *See Reynolds v. Fortis Benefits Ins. Co.*, 2007 U.S. Dist. LEXIS 13138 (N.D. Cal. Feb. 9, 2007).  Plaintiffs' Complaint is focused entirely on denial of *individual* benefits.  Thus, Defendants' motion to dismiss Plaintiffs' second claim of relief (29 U.S.C. § 1132(a)(3)) is granted with leave to amend as to what additional equitable relief Plaintiffs seek.

### D.  Third Claim: Equitable Estoppel

Plaintiffs' third claim is based on federal common law of equitable estoppel.  The elements

6

of equitable estoppel are: 1) a material misrepresentation; 2) reasonable and detrimental reliance upon that representation; 3) extraordinary circumstances; 4) ambiguous provisions in the plan; and 5) that representations were made involving an oral interpretation of the plan.  *Spink v. Lockheed Corp.*, 125 F.3d 1257, 1263 (9th Cir. 1997).  Plaintiffs' Complaint alleges that the decedent, Nalbandian, Sr., was eligible to retire in 2002 with a fully vested pension plan, but that representatives of Defendants made numerous overtures and representations to keep decedent in order to retain his services as a valued employee.  *See* Compl. ¶¶ 13-17.  Plaintiffs' Complaint also includes allegations that representatives of Defendants told decedent he would be "taken care of" and his pension plan benefits would be "valid" as long as he signed required documents.  *Id.* at ¶ 22.  These allegations satisfy all but element four (ambiguous provision in the plan) of an equitable estoppel claim.  Plaintiffs' Complaint only makes the conclusory statement that "the Plan and SPD contained numerous ambiguities."  *Id.* at ¶ 59.  Plaintiffs have attached the plan document as Exhibit 8 and the summary plan description ("SPD") as Exhibit 9 to their Complaint.  However, Plaintiffs have not identified what provisions are ambiguous, and have thus failed to meet the pleading standard applicable on a motion to dismiss.  *See Iqbal*, 129 S. Ct. 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'")(citing *Twombly*, 550 U.S. at 555).

The Court grants Defendants' motion to dismiss Plaintiffs' third claim, but allows Plaintiffs leave to amend their Complaint to identify what plan and/or SPD provisions are ambiguous.

*E.  Fourth Claim: Disclosure Violations, ERISA, 29 U.S.C. § 1022(a)*

29 U.S.C. § 1022(a) provides the requirements for SPD's:

 (a) A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 104(b) [29 USCS § 1024(b)]. The summary plan description shall include the information described in subsection (b), shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan. A summary

Case No.: 10-CV-1242-LHK
ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1
2
3

> of any material modification in the terms of the plan and any change in the information required under subsection (b) shall be written in a manner calculated to be understood by the average plan participant and shall be furnished in accordance with section 104(b)(1).

4   29 U.S.C. § 1022(b) provides further detail on the contents of SPD's, which among other things

5   must include information on "eligibility for participation and benefits" and "circumstances which

6   may result in disqualification, ineligibility, or denial or loss of benefits."

7       Plaintiffs allege that Defendants violated this provision by failing to disclose in a

8   reasonably understandable manner that decedent and his beneficiaries could lose pension benefits if

9   he died before the benefit commencement date.  Compl. ¶ 63.  Plaintiffs continue that the SPD does

10  not explain that an employee has not "retired" until after he has made benefits election, complied

11  with necessary formalities, and survived until the "effective date" of retirement, which Defendants

12  argue is the first day of the month after an employee's election to retire .  *Id.* at ¶ 64-65.

13

14      Plaintiffs seek an order requiring Defendants to comply with 29 U.S.C. § 1022(a)) and civil

15  penalties according to proof.  Defendants rightly respond that civil penalties are not available under

16  this particular provision of ERISA.  Plaintiffs, in their Opposition at page 15, acknowledge a

17  "drafting error" in requesting civil penalties and withdraw this request.  At the September 2, 2010

18  hearing, Plaintiffs' counsel could not identify any other relief sought.  Thus, the Court will grant

19  Defendants' motion to dismiss Plaintiffs' fourth claim with prejudice.

20      *F.  Fifth Claim: Failure to Produce Documents, ERISA, 29 U.S.C. § 1024(b)(4)*

21  29 U.S.C. § 1024(b)(4) provides:

22

23  > § 1024.  Filing and furnishing of information

24

25  > (b) Publication of summary plan description and annual report to participants and certain employers and beneficiaries of plan. Publication of the summary plan descriptions and annual reports shall be made to participants and beneficiaries of the particular plan as follows:

26  > ***

27  > (4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual

28

8

Case No.: 10-CV-1242-LHK
ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

report, any terminal report, the bargaining agreement, trust agreement, contract, or
other instruments under which the plan is established or operated. The administrator
may make a reasonable charge to cover the cost of furnishing such complete copies.
The Secretary may by regulation prescribe the maximum amount which will
constitute a reasonable charge under the preceding sentence.

Plaintiffs' fifth and final claim is Defendants failed to produce documents in violation of Section

1024(b)(4).  Plaintiffs allege that on April 5, 2009, they made proper written requests

"for documents to which they are entitled," and that Defendants failed to provide the documents.

Compl. ¶¶ 67-70.  Plaintiffs request an order requiring Defendants to comply with Section 1024(b)

and civil penalties.

Plaintiffs do not identify which documents they seek.  Defendants respond that Plaintiffs

already have copies of the plan document and the SPD, and so Defendants are uncertain which

documents Plaintiffs are seeking.  Plaintiff's fifth claim for relief is dismissed for failure to lack of

sufficient detail.  *See Iqbal*, 129 S. Ct. 1949.  Plaintiffs, however, are granted leave to amend their

Complaint to identify which documents they are seeking.

## IV. CONCLUSION

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff Gregory

Nalbandian for lack of standing, GRANTS WITH PREJUDICE Defendants' motion to dismiss

claim four, and GRANTS WITHOUT PREJUDICE Defendants' motion to dismiss claims two,

three, and five.  Plaintiffs shall have thirty (30) days to file an Amended Complaint.

**IT IS SO ORDERED.**

Dated: September 2, 2010

LUCY H. KOH
United States District Judge

Case No.: 10-CV-1242-LHK
ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS