UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW J. NALBANDIAN, JR., an individual and GREGORY M. NALBANDIAN, an individual,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland corporation, as administrator and fiduciary of the Lockheed Martin Corporation Salaried Employee Retirement Program; LOCKHEED MARTIN CORPORATION SALARIED EMPLOYEE RETIREMENT PROGRAM, an Employee Pension Plan within the meaning of 29 U.S.C. §§ 1002(2)(a) and 1002(35); and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.: 10-CV-1242-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS TWO AND FOUR OF THE FIRST AMENDED COMPLAINT WITH PREJUDICE<br><br>(re: docket #36) |

Plaintiffs Andrew Nalbandian, Jr. and Gregory Nalbandian seek payment of survivor benefits in relation to the denial of retirement benefits to their now-deceased father, Andrew Nalbandian, Sr. Defendants Lockheed Martin Corporation ("Lockheed") and Lockheed Martin Corporation Salaried Employment Retirement Program ("Plan") assert that denial of pension benefits is proper because Nalbandian, Sr. died before the commencement date of his pension plan, and thus Plaintiffs are entitled only to life insurance benefits and not survivor benefits. On

1

September 2, 2010, the Court granted a previous motion to dismiss with leave to amend. *See* Dkt. # 30. Now pending before the Court is Defendants' motion to dismiss claims two (breach of fiduciary duty) and four (failure to produce documents) of the First Amended Complaint ("FAC"). Pursuant to Civil Local Rule 7-1(b), the Court finds the motion appropriate for resolution without oral argument. Plaintiffs have voluntarily withdrawn their fourth claim. *See* Pls.' Opp'n to Defs.' Mot. to Dismiss at 2 [dkt. #45]. Thus, that claim is DISMISSED WITH PREJUDICE. For the reasons explained below, Plaintiffs' second claim (breach of fiduciary duty) is also DISMISSED WITH PREJUDICE. The February 3, 2011 motion hearing is vacated. The Case Management Conference, however, remains as set on February 3, 2011 at 1:30 p.m.

## I. BACKGROUND

### A. Relevant Factual Allegations

As the September 2, 2010 Order set forth the relevant factual background in detail, and the underlying factual allegations have not changed, the Court will only briefly summarize those allegations here. Andrew Nalbandian, Sr. worked at Lockheed for more than 40 years. FAC ¶ 11. He retired on February 9, 2009, and died on February 22, 2009 -- Nalbandian, Sr.'s pensions benefits were set to be distributed six days later starting March 1, 2009. *Id*. at ¶¶ 21-26. Plaintiffs are Nalbandian, Sr.'s two sons: Andrew Nalbandian, Jr. and Gregory Nalbandian. Plaintiffs allege they are beneficiaries of Nalbandian, Sr.'s pension plan and are each owed about $3,700 a month from April 1, 2009 to February 28, 2014. *Id*. at ¶ 28.

On March 11, 2009, Defendants sent Plaintiffs Andrew, Jr. and Gregory Nalbandian a "Benefit Summary" detailing the pension benefits (e.g., $3,728.10 a month for five years) payable to them as beneficiaries of their father's plan. *Id*. at ¶ 26. However, on April 7, 2009, Defendants sent Plaintiffs an "Updated Benefits Summary," indicating that, in fact, no pension benefits were owed, and that instead, Plaintiffs would equally split a $50,000 life insurance benefit. *Id*. at ¶ 30. In an April 20, 2009 letter from Defendants to Plaintiffs, Defendants indicated that Nalbandian, Sr. was not considered "retired" under the pension plan because he passed away prior to the Benefit Commencement Date of March 1, 2009. *Id*. at ¶ 32.

### B. The Court's September 2, 2010 Order and the October 1, 2010 FAC

Plaintiffs initially asserted five claims for relief: 1) recovery of plan benefits; 2) breach of fiduciary duty; 3) equitable estoppel; 4) failure to provide proper summary plan description; and 5) failure to produce required documents. Defendants previously moved to dismiss claims two through five. The Court's September 2, 2010 Order dismissed claims two, three, and five with leave to amend, and dismissed claim four with prejudice. Defendants had not challenged, nor do they challenge here, Plaintiffs' first claim for recovery of plan benefits. Regarding claim two (breach of fiduciary duty), the Court dismissed with leave to amend so that Plaintiffs could make the required showing as to "why relief on their first claim (recovery of plan benefits) is not an adequate remedy." *See* September 2, 2010 Order at 6. The Court also noted that, "to find a breach of fiduciary duty based on a denial of individual benefits, a plaintiff must allege that the denial is part of a 'larger systematic breach of fiduciary duty obligations.'" *See id*. (internal citation omitted). The Court dismissed claim three (equitable estoppel), but allowed Plaintiffs' leave to amend to clarify what provisions of the pension plan they allege are "ambiguous." *See id*. at 7.

On October 1, 2010, Plaintiffs filed the FAC, alleging four claims: (1) recovery of plan benefits; (2) breach of fiduciary duty; (3) equitable estoppel; and (4) failure to produce documents. As the Court noted above, Plaintiffs have voluntarily withdrawn their fourth claim for failure to produce documents. In the FAC, Plaintiffs provide specific allegations as to which Plan provisions were ambiguous in support of their renewed equitable estoppel claim. *See* FAC ¶¶ 69-78.

In support of their renewed breach of fiduciary duty claim, Plaintiffs allege that Defendants "repeatedly, substantially, systematically and willfully violated their fiduciary responsibilities, and have unlawfully administered THE PLAN and unlawfully interpreted PLAN provisions." *Id*. at ¶ 55.

### II. LEGAL STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658,

664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. DISCUSSION

Defendants do not challenge claims one (recovery of plan benefits) or claim three (equitable estoppel). Thus, the inquiry below focuses on Plaintiffs' second claim for breach of fiduciary duty. However, the Court's analysis begins with a brief exposition of Plaintiffs' first claim because in order to establish their second claim for breach of fiduciary duty, Plaintiffs must show that the first claim for recovery of plan benefits is not an adequate remedy.

**A. First Claim: Recovery of Plan Benefits, ERISA, 29 U.S.C. § 1132(a)(1)(B)**

29 U.S.C. § 1132(a)(1)(B) provides:

> (a) Persons empowered to bring a civil action. A civil action may be brought--
>
> (1) by a participant or beneficiary--
>
> * * *
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

4

Case No.: 10-CV-1242-LHK
ORDER GRANTING MOTION TO DISMISS CLAIMS TWO AND FOUR OF FAC WITH PREJUDICE

Plaintiffs seek payment of benefits and prejudgment interest under this first claim. Specifically, Plaintiffs allege they are beneficiaries of Nalbandian, Sr.'s pension plan and are each owed about $3,700 a month from April 1, 2009 to February 28, 2014. Defendants do not contest that Plaintiffs have stated a claim for relief for this first claim. If Plaintiffs succeed on this first claim, they will be entitled to recovery of benefits due *and* clarification of their rights as to future benefits under the terms of the Plan.

### B. Second Claim: Breach of Fiduciary Duty, ERISA, § 1132(a)(3)

Plaintiff's second claim is under 28 U.S.C. §1132(a)(3), which provides:

> (a) Persons empowered to bring a civil action. A civil action may be brought--
>
> \*\*\*
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

The U.S. Supreme Court has characterized §1132(a)(3) as a "catchall provision" and as a "safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere provide adequate remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

Plaintiffs' FAC alleges that Defendants "repeatedly, substantially, systematically and willfully violated their fiduciary responsibilities, and have lawfully administered THE PLAN and unlawfully interpreted PLAN provisions." FAC ¶ 55. Defendants argue that Plaintiffs' FAC, similar to their original Complaint, fails to remedy the flaws identified in the Court's September 12, 2010 Order because Plaintiffs still have not shown: (1) why relief on their first claim for recovery of plan benefits is not an adequate remedy; and (2) how their individual benefit claim is part of a larger systematic breach of fiduciary duty obligations. Defendants have the better of the argument on both grounds.

#### 1. Failure to Sufficiently Allege No Alternative Adequate Remedy

Plaintiffs still have not shown why relief on their first claim (recovery of plan benefits) is not an adequate remedy. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("when relief is available under 29 U.S.C. § 1132(a)(1), courts will not allow relief under § 1132(a)(3)'s

'catch-all provision.'"). This deficiency is all the more striking because the Court, in its September 12, 2010 Order, expressly informed Plaintiffs that leave to amend was granted in order for Plaintiffs to establish why recovery of plan benefits would not be an adequate remedy. *See* September 12, 2010 Order at 6. The allegations in the FAC that Defendants "unlawfully administered THE PLAN" and "unlawfully interpreted PLAN provisions" are based solely on the denial of Plaintiffs' benefit claim. As noted above and as noted in the Court's September 12, 2010 Order, Plaintiffs have an actionable claim for recovery of benefits, the remedy for which may include monetary relief and clarification of rights under the terms of the Plan -- in other words, a parallel remedy Plaintiffs seek in their breach of fiduciary duty claim. Moreover, Defendants have not challenged Plaintiffs' renewed equitable estoppel claim, which also provides another avenue of relief for Plaintiffs' allegations that Defendants are "unlawfully administering" and "unlawfully interpreting" the Plan's terms.

Finally, Plaintiffs argue, in their Opposition to the Motion to Dismiss, that it is too early in the litigation to consider whether a breach of fiduciary duty claim may proceed alongside a recovery of benefits claim under ERISA. *See* Pls.' Opp'n to Defs.' Mot. to Dismiss at 5. The Court is not persuaded. As Defendants note, the Court has *already* considered, and dismissed with leave to amend, Plaintiffs' breach of fiduciary duty claim. Plaintiffs were on notice that their breach of fiduciary duty claim is at issue, and that failure to plead sufficient allegations to support their breach of fiduciary duty claim would risk dismissal of that claim with prejudice.[1]

### 2. Failure to Sufficiently Allege a Systematic Breach of Fiduciary Obligations

Moreover, as explained in the Court's September 12, 2010 Order, to find a breach of fiduciary duty based on a denial of individual benefits, a plaintiff must allege that the denial is part of a "larger systematic breach of fiduciary obligations." *See* September 12, 2010 Order at 6; *see also Reynolds v. Fortis Benefits Ins. Co.*, 2007 U.S. Dist. LEXIS 13138 (N.D. Cal. Feb. 9, 2007).

---

[1] The Court notes that, although Plaintiffs filed their initial Complaint on March 24, 2010, Plaintiffs have not made their initial disclosures as of the date of this Order or, apparently, initiated any discovery. Moreover, Plaintiffs have previously stipulated (twice) to continue the Case Management Conference and related case management and discovery deadlines. Under these circumstances, Plaintiffs' contention that their breach of fiduciary claim should not be reviewed "at this early stage of the litigation" is unpersuasive.

6
Case No.: 10-CV-1242-LHK
ORDER GRANTING MOTION TO DISMISS CLAIMS TWO AND FOUR OF FAC WITH PREJUDICE

The rationale behind this rule is, in part, to prevent individual benefits claims from being unnecessarily repackaged as breach of fiduciary obligation claims. Plaintiffs' original Complaint was focused entirely on denial of individual benefits. Plaintiffs' FAC merely adds conclusory language that Defendants "repeatedly, substantially, *systematically* and willfully violated their fiduciary responsibilities" (emphasis added) and "consciously, arbitrarily, and intentionally" violated Plan provisions. *See* FAC ¶ 56. Other than the specific allegations in connection with their denial of individual benefits claim (claim one of the FAC), Plaintiffs make no specific allegations as to what fiduciary obligations Defendants violated or how Defendants violated those obligations. These conclusory allegations are insufficient to support Plaintiffs' breach of fiduciary duty claim. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055 (the court need not accept as true "allegations that are merely conclusory.").

In sum, Plaintiffs, after having been granted the opportunity to do so, have failed to establish a claim for breach of fiduciary duty under ERISA. Accordingly, their breach of fiduciary duty claim is DISMISSED WITH PREJUDICE.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' breach of fiduciary duty claim (claim two of the FAC) and failure to produce documents claim (claim four of the FAC) are DISMISSED WITH PREJUDICE. Plaintiffs may proceed with their claims for recovery of plan benefits (claim one of the FAC) and equitable estoppel (claim three of the FAC). The February 3, 2011 motion hearing is vacated. The February 3, 2011 Case Management Conference remains as set.

**IT IS SO ORDERED.**

Dated: February 1, 2011

_____
LUCY H. KOH
United States District Judge