UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW J. NALBANDIAN, JR., an individual; GREGORY M. NALBANDIAN, an individual; and THE ESTATE OF ANDREW J. NALBANDIAN, SR., deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland corporation, as administrator and fiduciary of the Lockheed Martin Corporation Salaried Employee Retirement Program; LOCKHEED MARTIN CORPORATION SALARIED EMPLOYEE RETIREMENT PROGRAM, an Employee Pension Plan within the meaning of 29 U.S.C. §§ 1002(2)(a) and 1002(35); and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 10-CV-1242-LHK<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AND DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>(re: dkt. #61 and #65) |

After two rounds of motions to dismiss and just over two weeks from the July 21, 2011 deadline to file dispositive motions, Plaintiffs filed: (1) a motion for extension of time to file dispositive motions [dkt. #61]; and (2) a motion for leave to file a motion for reconsideration [dkt. #65]. According to Plaintiffs' motions filed on July 5, 2011, they "just recently learned" of a May

1

Case No.: 10-CV-1242-LHK
ORDER DENYING MOTION FOR EXTENSION OF TIME AND DENYING MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION

16, 2011 decision by the Supreme Court, *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), which they argue materially changes the law with respect to the claims at issue in this action. *See* Civ. L.R. 7-9(b)(2) (requiring a party seeking leave to file a motion for reconsideration to specifically show "the emergence of new material facts or a change of law occurring after the time" of the order for which reconsideration is sought). Plaintiffs seek an extension of the dispositive motion filing deadline to allow time to resolve Plaintiffs' motion for leave to file a motion for reconsideration. The Court finds that neither motion is well-taken and DENIES both motions.

In *Amara*, the Supreme Court held that "summary plan documents" (commonly referred to as "SPD's") are not themselves part of the terms of the plan, and thus may not form the basis of an ERISA claim under §502(a)(1)(B) (provision that grants a participant the right to bring a civil action to "recover benefits due . . . under the terms of his plan."). *See Amara*, 131 S. Ct. at 1878. However, the Supreme Court also noted that reformation of plan terms based on the representations made in the SPD could fall within the scope of a claim under ERISA §502(a)(3) (the "catchall" provision allows a participant, beneficiary, or fiduciary "to obtain other appropriate equitable relief" to redress violations of ERISA "or the terms of the plan."). *Id.* at 1880.

Plaintiffs did not raise the issue of the *Amara* decision at the May 18, 2011 case management conference, at which the Court adopted the parties' requests for extensions of certain discovery deadlines. Nor does Plaintiff explain why it only learned of the *Amara* decision some six weeks after it was issued by the Supreme Court. In any event, although the Court agrees that the *Amara* decision sheds light on certain claims under ERISA, *Amara* does not materially change the law with respect to Plaintiffs' claims in this action. Plaintiffs have two existing claims: (1) for payment of Plan benefits under ERISA §502(a)(1)(B); and (2) for equitable estoppel. Plaintiffs do not seek reformation of the plan based on the SPD, but instead seek payment of plan benefits based on the *plan* itself. And, as noted in the Court's February 1, 2011 Order, Plaintiffs have in no way established "why relief on their first claim (recovery of plan benefits) is not an adequate remedy." *See* February 1, 2011 Order Granting Defendants' Motion to Dismiss Claims Two and Four of the First Amended Complaint With Prejudice [dkt. #49] at 5-6 (citing *Johnson v. Buckley*, 356 F.3d

2

1067, 1077 (9th Cir. 2004) ("when relief is available under 29 U.S.C. § 1132(a)(1), courts will not allow relief under § 1132(a)(3)'s 'catch-all provision.'"). The *Amara* decision itself reflects this rule, noting that beneficiaries could potentially bring equitable reformation claims based on representations in the SPD under ERISA §502(a)(3), a remedy not available under ERISA §502(a)(1)(B). Finally, and also noted in the Court's February 1, 2011 Order, Plaintiffs' equitable estoppel claim "provides another avenue of relief for Plaintiffs' allegations that Defendants are 'unlawfully administering' and 'unlawfully interpreting' the Plan's terms." *See id.* at 6.

Accordingly, Plaintiffs' motion for extension of time to file dispositive motions [dkt. #61] and motion for leave to file a motion for reconsideration [dkt. #65] are both DENIED. The July 21, 2011 dispositive motion filing deadline, originally set at the February 3, 2011 case management conference and re-confirmed at the May 18, 2011 case management conference, remains as set.

**IT IS SO ORDERED.**

Dated: July 15, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No.: 10-CV-1242-LHK
ORDER DENYING MOTION FOR EXTENSION OF TIME AND DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION